UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

W W McC L L C                                    CIVIL ACTION NO. 07-0933

versus                                           JUDGE STAGG

HANGAR INC.                                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff, a limited liability company, filed this action based on an assertion of diversity jurisdiction. Plaintiff alleges that it is organized under Louisiana law and has its principal place of business in Louisiana. That allegation is not sufficient to satisfy Plaintiff's burden of establishing a basis for the exercise of diversity jurisdiction.

Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S.12:1301(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006); Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51 (1st Cir. 2006); General Technology Applications, Inc. v. Exro Ltd., 388 F.3d 114 (4th Cir. 2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004); Handelsman v. Bedford Village Assocs. L.P., 213 F.3d 48 (2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 694 (7th Cir. 2003); and Standard Aero (San Antonio), Inc. v. Kelly Aviation Center, LP, 2006 WL 504055

(W.D. Tex. 2006). Accordingly, it is incumbent on the party asserting diversity to identify and allege the citizenship of each member of an LLC party.

If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002); Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346 (7th Cir. 2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships").

Plaintiff is directed to file an **Amended Complaint**, which will require a motion for leave (and statement regarding consent required by LR 7.6W) since the defendant has filed an answer, to state its citizenship with particularity. The deadline for compliance with this order is **September 27, 2007**. If jurisdiction is shown to exist, a scheduling conference will be set.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 10th day of September, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE